NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SABINSA CORPORATION, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| CREATIVE COMPOUNDS, LLC | : | Civil Action No. 04-4239 (DMC)(MF) |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court on the Motion of Defendant Creative Compounds ("Defendant") to Alter or Amend Judgment or in the Alternative for a New Trial. ECF No. 100. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Defendant's Motion is **denied**.

## I.   BACKGROUND AND PROCEDURAL HISTORY[1]

On July 27, 2011, following reversal and remand by the Third Circuit with instructions to enter judgment in favor of Plaintiff Sabinsa Corporation ("Plaintiff") on its trademark infringement and unfair competition claims, this Court entered an Opinion (the "July 2011 Opinion") and Order granting Plaintiff's Motion for Damages in the amount of $139,388.40, and denying Plaintiff's

---

[1] The underlying undisputed facts of this case are more fully explained in Sabinsa Corp. v. Creative Compounds, LLC, 609 F.3d 175, 180-82 (3d Cir. 2010), and in this Court's subsequent Opinion, Sabinsa Corp. v. Creative Compounds, LLC, No. 04-4239, 2011 U.S. Dist. LEXIS 82001 (D.N.J. July 25, 2011).

Motion for Attorney's Fees.[2]  ECF Nos. 98, 99.  On August 24, 2011, Defendant filed the present Motion, seeking relief under FED. R. CIV. P. 59 or D.N.J. CIV. R. 7.1(i), or in the alternative for a new trial on the issue of damages.  Defendant argues that the judgment must be altered or amended to correct a clear error of law caused by this Court's reliance on <u>Mishawaka Rubber & Woolen Mfg.</u> <u>v. S.S. Kregse Co.</u>, 316 U.S. 203 (1942), and a clear error of fact caused by inaccuracies in one of Plaintiff's trial exhibits.  Def.'s Mot. Br. 2.  On September 6, 2011, Plaintiff filed their opposition papers.  ECF No. 102.  The matter is now before this Court.

## II.   LEGAL STANDARD

### A. Motion to Alter or Amend Judgment

Under FED. R. CIV. P. 59(e), a plaintiff must satisfy a high standard in order to have a judgement altered or amended.  A motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).  Pursuant to Rule 59(e), a party wishing to file a motion for reconsideration must do so within "28 days after the district court enters its judgment on the docket."

### B. Motion for Reconsideration

---

[2]While the parties stipulated to net profits in the amount of $158,747.78, this Court reduced that amount by $19,359.38, based on the testimony of Mr. Mark Olson, President of a common customer to both Plaintiff and Defendant.  July 2011 Opinion at 10 n.11.  Mr. Olson testified that neither he nor anyone at his company had mistaken the two products for the other. July 2011 Opinion at 10 n.11.

Although Rule 59(e) allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  In this District, however, D.N.J. CIV. R. 7.1(i) creates a specific procedure by which a party may, within 14 days of the entry of an order, ask a District Judge or a Magistrate Judge to reconsider a decision.  Consequently, Rule 7.1(i) of the Local Rules of Civil Procedure, rather than Rule 59(e) of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.  Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only to be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  A motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Local Rule 7.1(i) permits reconsideration only when dispositive factual matters or controlling decisions of law that were previously presented to the court were overlooked.  Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995).

## C. Motion for a New Trial

"Rule 59(a) of the Federal Rules of Civil Procedure allows a party to seek relief from a judgment by filing a motion for a new trial."  Winnicki v. Bennigan's, No. 01-3357, 2006 U.S. Dist. LEXIS 61206, at *2 (D.N.J. Aug. 28, 2006).  Rule 59(a)(1)(B) specifies that following a non-jury trial, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore

-3-

been granted in a suit in equity in federal court." Rule 59(a)(2) provides that following a non-jury trial, a court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Generally, a motion for new trial will be granted to prevent manifest injustice to a party. <u>Consumers Power Co. v. Curtiss-Wright Corp.</u>, 780 F.2d 1093, 1097 (3d Cir. 1986). In non-jury cases, the granting of a new trial is usually reserved for instances in which the trial was "infected with 'manifest errors of law or fact.'" <u>P.R. Mar. Shipping Auth. v. Valley Freight Sys., Inc.</u>, 856 F.2d 546, 553 (3d Cir. 1988) (citing <u>United States Gypsum Co. v. Schiavo Bros., Inc.</u>, 668 F.2d 172, 180 (3d Cir. 1981)). The district court has discretion on whether or not to grant a new trial. <u>Winnicki</u>, 2006 U.S. Dist. LEXIS 61206 at *2 (citing <u>Wagner v. Fair Acres Geriatric Ctr.</u>, 49 F.3d 1002, 1017 (3d Cir. 1995)).

## III.   DISCUSSION

### A. <u>Mishawaka Rubber & Woolen Mfg. v. S.S. Kregse</u>

In its July 2011 Opinion, this Court balanced the six factors set forth in <u>Banjo Buddies v. Renosky</u>, 399 F.3d 168, 175 (3d Cir. 2005), in order to determine whether the equities of the case warranted an award of money damages by disgorgement of profits. These factors included (1) whether Defendant had the intent to confuse or deceive; (2) whether sales had been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by Plaintiff in asserting its rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it was a case of palming off. July 2011 Opinion at 2 (citing <u>Banjo Buddies</u>, 399 F.3d at 175). While the first, third, fourth, fifth, and sixth factors weighed against a disgorgement of profits, the second factor, whether sales had

been diverted, tipped the scale the other way.  July 2011 Opinion at 15.  In finding that the second factor weighed in favor of a disgorgement of profits, the Court relied on Mishawaka Rubber & Woolen Mfg. for the principal that "[i]t is Defendant's burden to show that 'the infringement had no relation to profits made by the Defendant, that some purchasers bought goods bearing the infringing mark because of the Defendant's recommendation of his reputation or for any other reason other than a response to the diffused appeal of plaintiff's symbol.'" July 2011 Opinion at 8 (citing Mishawaka Rubber & Woolen Mfg., 316 U.S. at 206).  The Court therefore noted that once Plaintiff succeeded on the infringement claim, the burden shifted to Defendant to show that its profits were not derived from the infringing use.  July 2011 Opinion at 8.  Defendant was unable to do so.  July 2011 Opinion at 8.  Thus, the diversion factor weighed in Plaintiff's favor, despite the fact that Plaintiff had not demonstrated actual confusion.  July 2011 Opinion at 9-10.

Defendant now argues that this Court improperly relied on Mishawaka Rubber & Woolen Mfg., asserting that the decision was superceded by the Lanham Act, 15 U.S.C. §§ 1051, 1117, as stated in A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., No. 94-7408, 2002 WL 27735 (E.D. Pa. Jan. 9, 2002).  Def.'s Mot. Br. 3.  Defendant notes that the Supreme Court issued Mishawaka Rubber & Woolen Mfg. in 1942, five years prior to the enactment of the Lanham Act.  Defendant further notes that under the pre-Lanham Act statute, "upon a decree being rendered in any such case for wrongful use of a trade-mark the complainant *shall* be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court *shall* assess the same or cause the same to be assessed under its direction."  Def.'s Mot. Br. 3-4 (citing Mishawaka Rubber & Woolen Mfg., 316 U.S. at 205) (Defendant's emphasis).  According to Defendant's arguments, the Lanham Act has now made

-5-

damages discretionary, where it states "*subject to the principles of equity*, a plaintiff shall be entitled to recover . . . defendant's profits." Def.'s Mot. Br. 4 (citing 15 U.S.C. § 1117(a)) (Defendant's emphasis).

Defendant has not demonstrated a clear error of law by the Court. The Lanham Act did not, as Defendant urges this Court to find, alter the burden placed on Defendant as stated in Mishawaka Rubber & Woolen Mfg. Rather, the Lanham Act expressly states that "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). In fact, over a decade after the passage of the Lanham Act, the Third Circuit confirmed the burden placed on infringing parties, when it stated "[t]he infringement having been proved, and the competitive sales of defendants' goods bearing the infringing mark having been shown, the burden is then upon defendants to demonstrate, if they can, that profits were not derived from the infringing use." Williamson-Dickie Mfg. Co. v. Davis Mfg. Co., 251 F.2d 924, 927 (3d Cir. 1958) (citing Mishawaka Rubber & Woolen Mfg., 316 U.S. at 206-07). In this case, Plaintiff prevailed on its infringement claim, and demonstrated that monies were obtained by Defendant from sales of the infringing product. The law of this Circuit required Defendant to demonstrate proper deductions from Plaintiff's claim against its profits. Defendant was unable to do so.

A & H Sportswear, Inc. did not, as Defendant argues, recognize that the portion of Mishawaka Rubber & Woolen Mfg. relied on by this Court had been superceded by the Lanham Act. Rather, the court engaged in the fact specific analysis incumbent upon District Courts, and found that the equities of the case before it did not warrant an award of Defendants' profits. See A & H Sportswear, Inc., 2002 U.S. Dist. LEXIS 233 at *13 ("We find, however, based on the specific facts

of this case, that no award of a share of Defendants' profits would be fair or equitable"); see also Id. at *14 ("There are several reasons, specific to this case, why principles of equity warrant that no share of the profits should be awarded.")  This Court engaged in its own analysis, and found that a disgorgement of profits was warranted under the facts and circumstances before it.  Further, the A & H Sportswear, Inc. opinion relied on by Defendant is a District Court opinion, and therefore even if it did hold that the burden discussed in Mishawaka Rubber & Woolen Mfg. was superceded by the Lanham Act, this Court would remain free to make its own determination of the matter.  In short, nothing in the A & H Sportswear, Inc. decision renders this Court's July 2011 Opinion improper.


### B. Plaintiff's Exhibit 67

Defendant next argues that Plaintiff based its proof of sales on Trial Exhibit 67, a compilation of invoices which contained errors because many invoices were contained therein multiple times.  Def.'s Mot. Br. 6.  Defendant states that while it "did agree by e-mail and telephone to stipulate that [Defendant's] net profits . . . was $158,747.78," Defendant "never stipulated that this would be an appropriate damages number, or even that this was the amount of profits of sales caused by the infringing use . . . ."  Def's Mot. Br. 6.

Defendant's argument fails for two reasons.  First, this Court did not rely on Trial Exhibit 67 in assessing profits; rather, this Court relied on the parties' agreement that Defendant's net profits during the relevant time period was $158,747.78.  July 2011 Opinion at 9.  Second, the parties entered into the stipulation specifically to avoid the need for an evidentiary hearing.  Decl. of Eric S. Baxter, Ex. 2., ECF No. 102-3.  Defendant did not seek to introduce any evidence as to whether the stipulated profits were unrelated to the infringement.  Once the infringement was established,

Plaintiff only needed to prove Defendant's net profits, which it did by way of the stipulation. Defendant's burden was to come forward with evidence that those profits were not derived from its infringement. Defendant did not present such evidence.

C. New Trial

Finally, Defendant has moved for a new trial on the issue of damages. Def.'s Mot. Br. 6. In support of this motion, Defendant offers the testimony of several of its larger customers, to prove that many of the sales made were not due to any actual confusion as to whose product the customers were purchasing. Def.'s Mot. Br. 7-9. Defendant states that it did not present these witnesses at trial because it would have "been impractical to bring in a dozen witnesses from around the country for a trial that was to only last a few days. Such testimony would have needlessly prolonged the trial, greatly increased the expense of the trial by multiple factors, and would have inconvenienced many of [Defendant's] customers . . . ." Def.'s Mot. Br. 7. Additionally, Defendant notes that "[i]t would have been redundant to prove that there was no actual confusion when [Plaintiff] had already admitted it had no evidence to support such a claim." Def.'s Mot. Br. 7.

Defendant has not demonstrated, however, that its decision not to present this evidence at an earlier time amounts to a manifest error of law or fact in the trial. Rather, it appears to the Court that granting a new trial would simply permit Defendant to re-litigate its case under a different strategy. This is not an appropriate ground for granting a new trial, and Defendant's motion is therefore denied.

IV.    **CONCLUSION**

-8-

For the foregoing reasons, Defendants' Motion to Alter or Amend Judgment or in the Alternative for a New Trial is **denied**.  An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       January 2 3, 2012
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

-9-